ARTHUR A. GOVAN v. CHAUNCEY D. CUSHING et al.

*Evidence—Burden of Proof—Factor—Commission Merchant—*
*Negligence.*

In an action by a commission merchant doing business in Glasgow, Scot-
land, against a consignor in North Carolina for balances alleged to
be due upon advancements made upon consignments of lumber,
the defendant denied the indebtedness, and further alleged that
by the plaintiff's negligence and want of diligence the lumber was
sold for less than its market value: *Held*, (1) the burden of proving
the price for which the lumber was sold was on the plaintiff; (2)
that while a factor is bound to act with utmost good faith, and
exercise reasonable diligence and skill in the discharge of his
duties to his consignor, the burden of showing that there was a
lack of such skill and diligence and good faith was on the defend-
ants, there being no circumstances in the case which raised a pre-
sumption of negligence.

CIVIL ACTION, tried at August Term, 1891, of BUNCOMBE
Superior Court, *Merrimon, J.*, presiding.

The plaintiff is a commission merchant residing and doing
business in the city of Glasgow, Scotland, and sued the
defendants, lumber merchants, residing and doing business
in the county of Buncombe, for balances alleged to be due
upon advancements made upon consignments of lumber
shipped at various dates between January and May, 1889.

The Court charged the jury that, as the defendants alleged
in their answer that the plaintiff, by his negligence, care-
lessness, mismanagement and inattention to business as
a commission merchant, suffered the defendants' logs to be
sold at a lower price than they should have brought, the
burden was upon them to satisfy the jury that the plaintiff
did, by his negligence or carelessness, or by his mismanage-
ment or inattention to business as a commission merchant,
suffer their logs to be sold for a lower price than they should
have brought, and that they must satisfy the jury, by a pre-

ponderance of evidence. The defendant excepted to this part of the charge, and insisted, that as it was peculiarly within the plaintiff's knowledge whether the logs were or were not sold at a lower price than they should have brought, the burden was upon them, and upon the further ground that plaintiff, being a commission merchant, it was for him to show that he used diligence in the sale of the logs. There was no other exception. There was evidence offered by both parties upon the second issue. *There was no exception to the charge of the Court upon the fifth issue.* The defendant moved for a new trial upon the ground that the Court erred as above stated. The motion was denied, and defendant appealed.

The other material facts are stated in the opinion of the Court.

*Mr. Charles A. Moore,* for plaintiff.
*Mr. Thomas A Jones,* for defendants.

MACRAE, J.: It will be observed that the exceptions are directed to the charge of his Honor upon the second issue. The issue was raised by the fourth defence in the answer and the reply thereto. The second to the ninth article of the complaint, inclusive, alleged the receipt upon consignment by plaintiff from defendants of numerous shipments of walnut logs to sell on commission, and the advancement by plaintiff's agent to defendants of specified sums of money on each consignment; the sale of said logs by plaintiff at the best price he could obtain; for sums which, after deducting freight and all proper commissions, charges and expenses, realized to the plaintiff specified sums, much less in each instance than the amounts alleged to have been advanced to defendants upon each consignment, and alleging an indebtedness from defendants to plaintiff for said sums with interest.

The corresponding articles of the answer admitted that the defendants were paid the sums as set out in the com-

plaint, and the consignment of logs as alleged, but denied, for want of information sufficient to form a belief, all other allegations in said paragraphs.

The eleventh article of the complaint alleged that no part of said amounts due by defendants to plaintiff has been paid, and the answer denied these allegations and averred that defendants owed plaintiff nothing,

The issues raised upon these allegations and denials were very properly comprehended in the one issue, No. 5: "Are defendants indebted to plaintiff; and if so, in what sum?" There seems to have been no objection to this issue, and as the charge upon it is not set out in the case and no exception stated to it, we must assume that upon this issue the plaintiff was required to take the burden of proof and offer the jury evidence in support thereof.

The third defence of the answer raises the third issue: "Were the logs of defendants obtained from them by the plaintiff by means of false, fraudulent and corrupt representations?" &c. There was no exception to the charge upon this issue.

The fourth defence raised the second issue: "Did the plaintiff, by his negligence, carelessness, mismanagement and inattention to business as a commission merchant, suffer defendants' logs to be sold at a lower price than they should have brought?"

The defendants contend that the burden was upon the plaintiff upon this issue to disprove the allegations of the answer upon two grounds: 1st. Because the matter was peculiarly within the plaintiff's knowledge whether the logs were or were not sold at a lower price than they should have brought.

The admitted general rule is, that the burden of proof lies on the party who substantially asserts the affirmative of the issue. An exception to this rule is, that where the subject-matter of the allegation lies peculiarly within the knowledge

of one of the parties, that party must prove it, whether it be of an affirmative or a negative character, and even though there be a presumption of law in his favor.  Bailey's *Onus Probandi*, note, page 2.

The sum for which the plaintiff sold the logs was peculiarly within his knowledge, but it was comprehended in the evidential facts upon which the response to the fifth issue hung.  And upon this issue there can be no doubt that the burden was upon the plaintiff, and that he had assumed it.

But upon the second issue the question was not what were the logs sold for by the plaintiff, it was did he negligently suffer them to be sold at a lower price than they should have brought?  Given the price at which the plaintiff is alleged to have sold them, was it peculiarly within his knowledge what they ought to have brought in the market at Glasgow?  This was a matter susceptible of easy proof; there is nothing of information more open to general knowledge than market prices of commodities in the great commercial ports.  The fact that it was at a distance from the defendants could not affect the question, because communication with Scotland and the means of obtaining proofs by deposition is attended with less trouble than they would be with many parts of the United States.

The second ground is that "the plaintiff, being a commission merchant, it was for him to show that he used diligence in the sale of the logs."  It may be granted that upon the fifth issue the burden was upon him, upon the allegations of the complaint, to show that he sold the logs for the best price he could obtain, for he would not have been entitled to a verdict upon that issue if he had not satisfied the jury of the truth of his averment.

The rule is "that a factor is required to act with the utmost good faith toward his principal in the discharge of his duties."  They must act with reasonable skill and diligence in the business entrusted to them.  3 A. & E. E. L., 330.  A case

very much like that which we are considering is reported in a note to page 331 of the same book—

"Where an American merchant consigned goods to a London commission house which had a correspondent in America who was authorized to make advances upon such consignments by drafts upon the London firm if he would be responsible for all overdrafts, and where this correspondent made advances by drafts upon this London firm to the merchant upon the latter's agreeing to refund all sums in excess of the net proceeds of his consignment of goods, and where the advancements were so largely in excess, in a suit by the correspondent against the merchant to recover this excess, it was held that if the London firm performed their duties as factors with due care and skill, they have the right to be reimbursed to the full amount of their advances, and they may assert that right against their consignor, giving him credit for the proceeds of his consignment, or against their correspondent upon his undertaking of that liability. And the merchant may be compelled to refund to either of the two other parties, but he can be compelled to make but one satisfaction. If the London firm were guilty of negligence or misconduct by which their consignor sustained loss, their right, as well as the right of their correspondent to recover the excess of advances, is only a qualified one, for the *consignor may rely upon such negligence as a defence* to any claim that either of them could make on that ground."

It is true that "if the circumstances of the case raise a presumption that all has not been regularly performed, whether that presumption arise from positive or negative evidence, then it is incumbent to prove the due performance of the act required." 2 *Ibid*, 654, note. And "where instances of fiduciary relationship exist between plaintiff and defendant, the burden is frequently changed by these circumstances." And in case of an attorney retaining his connection with his client and contracting with him, the attorney

is subject to the burden of proving that no advantage has been taken of the situation of the latter. *Ibid.* But there is no closer fiduciary relation than that between attorney and client. And there has been considerable difference of opinion as to whether a factor who retained the money of his principal was a fiduciary debtor within the meaning of the bankrupt act. See many cases cited on each side in 3 A. & E. E. L., 339. There are no circumstances in this case which make a *prima facie* case against plaintiff, and put upon him a presumption of negligence. The case relied upon by defendant's counsel from our own reports, *Lawton* v. *Giles*, 90 N. C., 380, was an action upon a tort for negligence in permitting sparks from the chimney of defendant's rice mill to burn plaintiff's house; the burning by sparks from defendant's chimney being proven, it was held that the burden of proving the use of proper care and diligence in exoneration devolved upon the defendants. There is no analogy between these two cases.

No Error.                                     Affirmed.