BONITA HARRIS SMITH v. OLLEN BRUTON SMITH

No. 388A93

(Filed 17 June 1994)

**Divorce and Separation § 155 (NCI4th)— equitable distribution — post-separation appreciation of marital property—active or passive—ultimate findings required**

While it is not necessary for the trial court in an equitable distribution proceeding to quantify the post-separation increase in the value of each marital asset as active or passive, the trial court must make ultimate findings of fact as to whether the total post-separation appreciation in the value of marital property is active or passive. Requiring trial courts to make ultimate findings of fact as to the character of such post-separation appreciation will effectuate meaningful appellate review by informing appellate judges as to how distributional factors were used.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 111 N.C. App. 460, 433 S.E.2d 196 (1993), affirming in part, vacating in part, and remanding a judgment entered 5 April 1991 by Brown, J., in District Court, Mecklenburg County. Defendant's petition for discretionary review was denied 4 November 1993. Heard in the Supreme Court 18 March 1994.

*Robinson, Bradshaw & Hinson, P.A., by Martin L. Brackett, Jr., Mark W. Merritt, and John B. Garver, III, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., John S. Arrowood, and W. Terry Sherrill, for defendant-appellant.*

**SMITH v. SMITH**

[336 N.C. 575 (1994)]

FRYE, Justice.

In this appeal based solely on the issue raised by the dissenting opinion in the Court of Appeals, defendant contends that the Court of Appeals erred in holding that it was not essential for the trial court to characterize as active or passive the increase in the post-separation value of marital assets in this equitable distribution case. We agree. Accordingly, we reverse that portion of the Court of Appeals' decision and remand for further proceedings.

The circumstances giving rise to this case are as follows: Plaintiff and defendant were married on 6 June 1972, separated 24 June 1988, and granted an absolute divorce on 5 February 1990. An equitable distribution trial was conducted during several non-jury civil terms of District Court, Mecklenburg County in November and December of 1990. On 5 April 1991, a Judgment of Equitable Distribution was entered.

The judgment shows that the trial court determined the net value of the marital property as of the date of separation to be $44,183,807; that an equal division of the marital property was not equitable; and that an unequal division awarding defendant sixty-nine percent (69%) and plaintiff thirty-one percent (31%) of the net value of the marital property was equitable. The court divided the marital property in accordance with the parties' stipulations and preferences and granted to plaintiff her share of the marital estate primarily in the form of a distributive award. The court determined that plaintiff was entitled to a distributive award in the amount of $13,696,980, which is thirty-one percent of $44,183,807 minus the total of the proceeds in two bank accounts awarded her. The court further found that defendant was entitled to credits totaling $575,268 for certain post-separation expenditures made by him, including his expenditure of funds to purchase a residence for plaintiff. These deductions reduced the amount of plaintiff's distributive award to $13,115,461.

The trial court then calculated the post-separation appreciation/depreciation in the value of each item of marital property and determined that there was a net overall appreciation in the value of the marital estate of $6,546,805. The trial court proceeded to award plaintiff thirty-one percent of that net increase, or an additional $2,029,509. Plaintiff thus received an equitable distribution judgment of $15,151,220, payable in a lump sum of $2,144,971 on

or before 14 June 1991 and monthly installments in the amount of $157,725 per month for ten years, with the first payment being due on or before 1 July 1991.

Both plaintiff and defendant appealed to the Court of Appeals. The trial court, on motion of defendant, granted a stay of its judgment pending the outcome of appeal. The Court of Appeals affirmed that part of the trial judgment addressing the classification and valuation of property. It found reversible error in the trial court's failure to consider defendant's receipt of dividend income of $240,162 after the date of separation as a factor in determining an equitable distribution. The Court of Appeals further found reversible error in the trial court's calculation and treatment of the post-separation appreciation of the marital property, including the credit given defendant for his discharge of the second mortgage on the marital home. Thus, the Court of Appeals vacated that part of the judgment addressing distribution of the marital property and remanded the case to the trial court for redetermination of what constitutes an equitable distribution of the marital property and entry of a new judgment consistent with its opinion. This portion of the Court of Appeals' decision is not before us and thus stands undisturbed.

The Court of Appeals also held, with Judge Greene dissenting, that the trial court was not required to specifically characterize as active or passive the increase in the post-separation value of marital assets. As to this issue only, we now reverse.

This issue appears to be one of first impression for this Court. No specific authority exists which requires the trial court to make specialized findings with regard to post-separation appreciation. However, both our statutory scheme and case law are instructive on this issue and require resolution of it in favor of defendant's position.

N.C.G.S. § 50-20 sets forth the procedure for the distribution of marital property upon divorce. N.C.G.S. § 50-20(c) provides that

there shall be an equal division by using net value of marital property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property equitably. Factors the court shall consider under this subsection are as follows:

. . . .

(11a) Acts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert such marital property, during the period after separation of the parties and before the time of the distribution; and

(12) Any other factor which the court finds to be just and proper.

N.C.G.S. § 50-20(c) (1993).

"Marital property is to be valued as of the date of the parties' separation. G.S. 50-21(b). This valuation date is used to determine the equitable distribution share of each party." *Mishler v. Mishler*, 90 N.C. App. 72, 77, 367 S.E.2d 385, 388, *disc. rev. denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). "The post-separation appreciation of marital property is itself neither marital nor separate property. Such appreciation must instead be treated as a distributional factor under Section 50-20(c)(11a) or (12) . . . ." *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988).

Rather than distributing the sums representing the [post-separation] appreciation, the trial court must consider the existence of this appreciation, determine to whose benefit the increase in value will accrue, and then consider that benefit when determining whether an equal or unequal distribution of the marital estate would be equitable.

*Gum v. Gum*, 107 N.C. App. 734, 738, 421 S.E.2d 788, 790 (1992). Thus, there is plenary statutory and case law support for the proposition that the post-separation appreciation of marital assets must be considered by the court when making an equitable distribution.

This Court has stated in *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), that "the legislature . . . clearly intended to vest trial courts with discretion in distributing marital property under N.C.G.S. 50-20, but guided always by the public policy expressed therein favoring an equal division." The trial court, however, must make written findings of fact that support the determination that marital property has been equitably divided. N.C.G.S. § 50-20(j) (1993).

We do not imply that a trial court must make exhaustive findings regarding the evidence presented at the hearing; rather "the trial court should be guided by the same rules applicable

SMITH v. SMITH

[336 N.C. 575 (1994)]

to actions for alimony *pendente lite*, *Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E.2d 138 (1971), and to actions for child support, *Plott v. Plott*, 313 N.C. 63, 326 S.E.2d 863 (1985), thus limiting the findings of fact to *ultimate*, rather than evidentiary facts." *Patton v. Patton*, 318 N.C. at 406-07, 348 S.E.2d at 595.

*Armstrong v. Armstrong*, 322 N.C. 396, 405-06, 368 S.E.2d 595, 600 (1988) (quoting *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (emphasis added).

"There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove ultimate facts.

. . . .

An ultimate fact is the final resulting effect which is reached by processes of logical reasoning from the evidentiary facts . . . ."

*Peoples*, 10 N.C. App. 402, 409, 179 S.E.2d 138, 142 (1971) (quoting *Woodard v. Mordecai*, 234 N.C. 463, 470, 472, 67 S.E.2d 639, 644, 645 (1951) (citations omitted).

In the instant case, the trial court determined the increase or decrease in value of each item of marital property occurring after the parties' separation and set forth these findings in the record. The court found that the "net" post-separation appreciation of marital property equalled $6,546,805, and awarded thirty-one percent of this net increase to plaintiff. We agree with the Court of Appeals below that "it is certainly appropriate, and indeed desirable, for the trial court in determining an equitable distribution to take into consideration whether the post-separation appreciation of the marital property is passive appreciation, or resulted from the efforts of one or both of the spouses, . . . ." *Smith v. Smith*, 111 N.C. App. 460, 506-07, 433 S.E.2d 196, 224, *disc. rev. denied*, 335 N.C. 177, 438 S.E.2d 202 (1993). We now hold that the trial court must make a written finding of the character of such post-separation appreciation.

Plaintiff argues that such a requirement would burden the trial court and would neither assist it in exercising its discretion

nor assist with appellate review. Under N.C.G.S. § 50-20, trial courts are already required to distinguish between active and passive appreciation in the value of an asset occurring during marriage and before the date of separation in order to classify property as either marital or separate. In the context of characterization of post-separation appreciation as in the instant case, we do not go so far as to require that the trial court undertake to quantify the post-separation increase on each marital asset as active or passive but the trial court must make ultimate findings of fact regarding the character of the total post-separation appreciation. See Armstrong, 322 N.C. 396, 368 S.E.2d 595. We disagree with plaintiff and the Court of Appeals that this would impose an arduous burden on the trial courts.

Additionally, we conclude that requiring trial courts to make ultimate findings of fact as to whether post-separation appreciation is active or passive will effectuate meaningful appellate review by informing appellate judges as to how distributional factors were used. In the instant case, the trial court specifically stated in its conclusions that it had "considered all distributional factors raised by the evidence," however, this conclusion does not provide an appellate court with the information necessary for appellate review. See Armstrong, 322 N.C. 396, 368 S.E.2d 595.

For the foregoing reasons, that portion of the decision of the Court of Appeals holding that "the court is not required to make specific findings of fact classifying the [post-separation] appreciation as either passive or active" is reversed. The remainder of the COA decision is not before us and remains undisturbed. The case is therefore remanded for further proceedings.

Pursuant to Rules 2 and 37 of the North Carolina Rules of Appellate Procedure, plaintiff has made a motion for modification and reinstatement of the trial court's judgment. That motion is hereby denied.

REVERSED IN PART AND REMANDED.