DONNA CASSELS CONWAY, PLAINTIFF v. DONALD R. CONWAY, DEFENDANT

No. COA97-1439

(Filed 15 December 1998)

**1. Divorce— equitable distribution—distribution factors— fault**

The trial court did not err in an equitable distribution action by finding as a distributional factor that defendant had voluntarily and without plaintiff's consent removed himself from the marital home and terminated the relationship after completing his residency and moving to Asheville, but before purchasing a home and establishing his practice. The completion of defendant's residency and the family's move to a new location are relevant to plaintiff's contributions to defendant's career and the fact that defendant opened a private practice and then terminated the marriage before the practice was established is an important consideration in evaluating the distribution of the practice. The description of defendant's termination of the marriage as "voluntary" and "without plaintiff's consent" was merely incidental to the distributional factor as a whole.

**2. Divorce— equitable distribution—relative size of marital estate—marital efforts**

The trial court did not err in an equitable distribution action resulting in an uneven distribution by considering plaintiff's

marital efforts and the relative size of the marital estate. These were appropriate facts to consider in the context of plaintiff's aid in developing defendant's career potential and her contributions to defendant's medical professional license.

**3. Divorce— equitable distribution—award in excess of net value**

The trial court did not err in an equitable distribution action by awarding plaintiff property having a value in excess of the net value of the martial estate where the court found that the gross marital assets totaled $82,453.56 and marital debt $74,117.33, distributed 83% of the gross assets to plaintiff and all of the debt to defendant, and ordered defendant to pay plaintiff $61,676.17. Having found sufficient distributional factors to justify an unequal distribution of marital assets to plaintiff and distribution of the entire marital debt to defendant, the trial court acted within its discretion when it distributed the assets and debts independently.

**4. Divorce— equitable distribution—distributional factors— medical license not valued**

The trial court did not err in an equitable distribution action resulting in an unequal distribution by refusing to assign a value to defendant's professional medical license. The court must consider separate property, including professional licenses, when dividing marital property, but is not required to determine the numeric value of separate property when considering distributional factors.

**5. Divorce— equitable distribution—uneven distribution— appreciation of medical license**

The trial court did not err in an equitable distribution action resulting in an unequal distribution by not classifying and valuing as marital property the appreciation of defendant's medical license. The evidence tended to show that marital efforts led to the acquisition of the separate property rather than to an active increase in its value.

**6. Divorce— equitable distribution—valuation of medical practice goodwill**

The trial court erred in an equitable distribution action by accepting certain expert testimony regarding the value of the goodwill in defendant's medical practice. When a professional

practice has not been established for a sufficient period to determine goodwill based upon comparable past earnings, the capitalization of excess earnings method of valuing goodwill should be used.

Appeal by plaintiff and defendant from judgment entered 8 April 1997 by Judge Earl J. Fowler, Jr., in Buncombe County District Court. Heard in the Court of Appeals 26 August 1998.

*Morrow, Alexander, Tash, Long & Kurtz, by C.R. "Skip" Long, Jr., for plaintiff-appellant.*

*Gum & Hillier, P.A., by Howard L. Gum; Edward P. Hausle, P.A., by Edward P. Hausle, for defendant-appellant.*

MARTIN, John C., Judge.

Plaintiff and defendant were married 1 September 1979, separated on 21 October 1994, and were divorced on 29 January 1996. Issues of alimony, support of the parties' two minor children, custody, and visitation have apparently been resolved and are not involved in this appeal. Both parties appeal from an equitable distribution judgment entered 8 April 1997.

At the time of the parties' marriage, both of them had undergraduate college degrees and defendant was enrolled in a graduate program for medical illustration. After completion of the requirements for his masters degree, plaintiff continued his education and enrolled in medical school in 1982. He completed medical school in 1986 and was in residency training until June 1994. Defendant obtained a license to practice medicine in North Carolina in the summer of 1994 and the parties moved to Asheville in August 1994, where defendant began a private medical practice as a plastic surgeon. The trial court found the net value of the parties' marital estate to be $8,336.56, consisting of gross marital assets totaling $82,453.89, and marital debt totaling $74,117.33. The trial court distributed 83% of the gross marital assets to plaintiff, all of the marital debt to defendant, and ordered defendant to pay plaintiff a distributive award of $61,676.17.

## Defendant's Appeal

Defendant contends the trial court erred by considering improper distributional factors and by making an award to plaintiff in excess of

the total net value of the marital estate. We have carefully considered his arguments and reject them.

## A.

**[1]** First, defendant contends the trial court improperly considered marital fault as a distributional factor. He directs us to the following distributional factor cited by the trial court in its order:

> 12. That evidence was offered concerning the following distributional factors, which the Court will consider in determining the most equitable distribution of the aforesaid marital estate:
>
> . . .
>
> d) That in 1994 the Defendant completed his residency training, and the family moved to Asheville for the purpose of beginning the Defendant's private practice as a plastic surgeon; however, before a home was purchased in Asheville, and before his practice was established, the defendant voluntarily and without Plaintiff's consent removed himself from the marital home and terminated the marriage relationship.

Defendant contends the finding indicates the trial court determined that defendant had abandoned plaintiff and considered the abandonment as a distributional factor justifying an unequal distribution. We disagree.

It is well established that marital misconduct or fault not affecting the marital economy may not be considered by the court in dividing the marital property. *Smith v. Smith*, 314 N.C. 80, 331 S.E.2d 682 (1985); *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985); *Hinton v. Hinton*, 70 N.C. App. 665, 321 S.E.2d 161 (1984). However, upon careful consideration of the challenged factor in its entirety, we do not believe the trial court's finding spoke to fault or misconduct; rather the finding includes important distributional facts. The completion of defendant's residency training and the family's move to a new location is relevant to plaintiff's contributions to defendant's professional career potential and development, and to his obtaining a professional license. *See* N.C. Gen. Stat. § 50-20(c)(7) & (8) (1995). Moreover, the short period of time between the opening of defendant's medical practice and the termination of the marriage is relevant to the short amount of marital time in which plaintiff contributed to defendant's medical practice. *See* N.C. Gen. Stat. § 50-20(c)(6) (1995). The fact that defendant opened a private practice and then terminated the

CONWAY v. CONWAY

[131 N.C. App. 609 (1998)]

marriage before the practice was established is an important consideration in evaluating how to distribute the medical practice. We consider the court's description of defendant's termination of the marriage as "voluntary" and "without the plaintiff's consent" as merely incidental to the distributional factor as a whole. This assignment of error is overruled.

## B.

[2] Defendant also contends the trial court improperly considered plaintiff's marital efforts and the relative size of the marital estate. We disagree. Plaintiff's efforts in the marriage and the relatively small size of the net marital estate were appropriate facts to consider in the context of (1) plaintiff's aid in developing defendant's career potential, *see* N.C. Gen. Stat. § 50-20(c)(7) (1995), (2) her contributions to defendant's medical professional license, *see* N.C. Gen. Stat. § 50-20(c)(8) (1995), and (3) her contributions as homemaker. *See* N.C. Gen. Stat. § 50-20(c)(6) (1995).

## C.

[3] Finally, defendant contends the trial court exceeded its authority by awarding plaintiff marital property having a value in excess of the total net value of the marital estate. He argues the court is limited to awarding either party an amount which does not exceed the value of the net marital estate. We disagree.

In distributing marital assets, the trial court is required by G.S. § 50-20 (1995) to (1) classify property as marital, separate, or mixed, (2) determine the net value (fair market value less encumbrances) of the property, and (3) distribute the property equally, unless equity requires an unequal distribution. *Smith v. Smith*, 111 N.C. App. 460, 433 S.E.2d 196 (1993), *rev'd on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994); *McIver v. McIver*, 92 N.C. App. 116, 374 S.E.2d 144 (1988); *Seifert v. Seifert*, 82 N.C. App. 329, 346 S.E.2d 504 (1986), *affirmed and remanded*, 319 N.C. 367, 354 S.E.2d 506 (1987); *Cable v. Cable*, 76 N.C. App. 134, 331 S.E.2d 765 (1985). In valuing an asset, the trial judge finds the fair market value and reduces it by any encumbrances on that property. *Carlson v. Carlson*, 127 N.C. App. 87, 487 S.E.2d 784, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 407 (1997); *Hendricks v. Hendricks*, 96 N.C. App. 462, 386 S.E.2d 84 (1989), *cert. denied*, 326 N.C. 264, 389 S.E.2d 113 (1990) (trial court erred by allocating property based on its gross fair-market value without considering the outstanding credit card balance on the property); *Beightol v. Beightol*, 90 N.C. App. 58, 367 S.E.2d 347, *disc. review denied*, 323

N.C. 171, 373 S.E.2d 104 (1988). Defendant argues that the same valuation process used to value individual marital assets should be applied to the marital estate as a whole.

G.S. § 50-20(c) provides:

> There shall be an equal division by using net value of marital property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property equitably.

N.C. Gen. Stat. § 50-20(c) (1995). The statute does not limit the scope of the trial court's authority as argued by defendant; indeed, the net market value of *each asset* is determined when marital property is valued, not the marital estate as a whole. "The Act requires the trial court to first determine what constitutes marital property, to then determine the net market value of *that property*, and finally, to distribute it based on the equitable goals of the statute and the specific statutory factors." *Little v. Little*, 74 N.C. App. 12, 16, 327 S.E.2d 283, 287 (1985) (emphasis added). The trial court does not lose its ability to distribute marital assets simply because marital debts equal or exceed the value of those assets. In addition, where marital debts significantly reduce the net marital estate, the trial court still retains the discretion to distribute the individual assets and debts independently. *See Smith v. Smith*, 111 N.C. 460, 433 S.E.2d 196 (1993), *rev'd on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994) (distribution of marital debts is matter committed to sound discretion of trial court); *Rawls v. Rawls*, 94 N.C. App. 670, 381 S.E.2d 179 (1989). Otherwise, the trial court would lose its authority to distribute significant assets merely because there are unrelated debts diminishing the net value of the estate. Having found sufficient distributional factors in this case to justify an unequal distribution of the marital assets to plaintiff and distribution of the entire marital debt to defendant, the trial court acted within its discretion when it distributed the assets and debts independently.

Defendant's remaining assignments of error are deemed to have been abandoned. N.C.R. App. P. 28(a).

---

## Plaintiff's Appeal

In her appeal, plaintiff contends the trial court erred and abused its discretion when it (A) failed to assign a value to defendant's professional medical license; (B) failed to find that a portion of the value

of defendant's professional medical license was a result of active appreciation and, therefore, was a marital asset to be distributed; and (C) valued defendant's good will in his medical practice at $3,000. We reject her first two contentions, but find merit in the third.

### A.

[4] First, plaintiff argues that the trial court erred in refusing to assign a value to defendant's professional medical license. We disagree. A professional license is separate property. N.C. Gen. Stat. § 50-20(b)(2) (1995). Marital contributions to separate property, such as a professional license, may be considered as a distributional factor. N.C. Gen. Stat. § 50-20(c)(8) (1995). The trial judge must consider separate property, including professional licenses, when dividing marital property. *Dorton v. Dorton*, 77 N.C. App. 667, 336 S.E.2d 415 (1985); *Poore v. Poore*, 75 N.C. App. 414, 331 S.E.2d 266, *disc. review denied*, 314 N.C. 543, 335 S.E.2d 316 (1985). However, there is no requirement that the trial court determine the numeric value of separate property when considering distributional factors. *Smith v. Smith*, 111 N.C. App. 460, 433 S.E.2d 196 (1993). "There is no language within § 50-20(c) which would indicate that the trial court is required to place a monetary value on any distributional factor and we decline to impose such an unnecessary burden upon the trial court." *Gum v. Gum*, 107 N.C. App. 734, 739, 421 S.E.2d 788, 791 (1992).

The trial court found defendant's medical license to be separate property, that it has a "very significant value," and is "the only significant asset acquired by these parties during the years of their marriage." Having classified the license as separate and considered its "very substantial value," the trial court did not err in refusing to assign it a monetary value.

### B.

[5] Plaintiff also contends the trial court erred by failing to classify as marital property, and value, a portion of defendant's professional license as being the result of active appreciation. Again, we disagree.

When marital efforts actively increase the value of separate property, the increase in value is marital property and is subject to distribution. *Godley v. Godley*, 110 N.C. App. 99, 429 S.E.2d 382 (1993); *Ciobanu v. Ciobanu*, 104 N.C. App. 461, 409 S.E.2d 749 (1991). To demonstrate active appreciation of separate property, there must be a showing of the (1) value of asset at time of acquisition, (2) value of

asset at date of separation, (3) difference between the two. *McLeod v. McLeod*, 74 N.C. App. 144, 327 S.E.2d 910 (1985), *overruled on other grounds, Johnson v. Johnson*, 317 N.C. 437, 346 S.E.2d 430 (1987). Any increase is presumptively marital property unless it is shown to be the result of passive appreciation. *See Smith*, 111 N.C. App. 460, 433 S.E.2d 196.

> In light of the remedial nature of the statute and the policies on which it is based, we interpret its provision concerning the classification of the increase in value of separate property as referring only to passive appreciation of separate property, such as that due to inflation, and not to active appreciation resulting from the contributions, monetary or otherwise by one or both of the spouses.

*Wade v. Wade*, 72 N.C. App. 372, 379, 325 S.E.2d 260, 268, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). In order for the court to value "active appreciation" of separate property and distribute the increase as marital property, the party seeking distribution of the property must offer credible evidence showing the amount and nature of the increase. *Grasty v. Grasty*, 125 N.C. App. 736, 482 S.E.2d 752, *disc. review denied*, 346 N.C. 278, 487 S.E.2d 545 (1997); *McIver v. McIver*, 92 N.C. App. 116, 374 S.E.2d 144 (1988).

In this case, plaintiff did not show an increase in value of the license between its acquisition in June 1994 and the date of separation in October 1994. The evidence tended to show that marital efforts led to the acquisition of the separate property rather than to an active increase in its value. Therefore, the trial court did not err in refusing to value the active appreciation of the medical license.

The confusion lies in the distinction between appreciation of separate property and the acquisition of marital property:

> If an asset is characterized as separate property that has increased in value during the marriage, the court's focus is on the appreciation occurring during the marriage and whether that appreciation was passive or active. If, on the other hand, an asset is characterized as marital property to which a contribution of separate property was made, in which case it is of a dual nature having a marital and a separate property component, then the primary focus is on *acquisition*, not appreciation.

*Smith v. Smith*, 111 N.C. App. 460, 475, 433 S.E.2d 196, 205 (1993), *rev'd on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994).

Where there is no statute controlling whether property is marital or separate, this Court has adopted a dynamic rather than a static interpretation of the term "acquired" as used in G.S. § 50-20(b), stating "that acquisition must be recognized as the ongoing process of making payment for property or contributing to the marital estate rather than being fixed on the date that legal title to property is obtained." *Smith* at 473, 433 S.E.2d at 204 (quoting *Wade v. Wade*, 72 N.C. App. 372, 380, 325 S.E.2d 260, 268-69 (1985)). This flexible notion of acquisition underlies the "source of funds doctrine," treating acquisition "as an ongoing process" and finding that "property may have a dual nature and consist of both marital property and separate property components." *Id.*

Under the source of funds doctrine, the trial court's finding that the medical license "had a very significant value" and represented "the only significant asset acquired by these parties during the years of their marriage," would have led to the conclusion that the license was marital property subject to distribution because it was acquired by marital efforts. However, the statute defining the professional license as separate, controls in this case. N.C. Gen. Stat. § 50-20(b)(2) (1995). Classifying the efforts leading to the acquisition of a professional license as "marital" under the "active appreciation doctrine" would undermine this statutory definition of professional licenses as separate property.

C.

**[6]** Finally, plaintiff disputes the trial court's valuation of the good will in defendant's medical practice. The trial court valued defendant's good will at $3,000 based upon expert testimony. Plaintiff argues that the expert applied no legitimate method in valuing the good will in the practice. We agree.

"When valuing a professional practice, a court should consider the business' fixed assets, the value of its work in progress and accounts receivable, its goodwill and its liabilities." *Harvey v. Harvey*, 112 N.C. App. 788, 791, 437 S.E.2d 397, 399 (1993).

On appeal, if it appears that the trial court reasonably approximated the net value of the practice and its goodwill, if any, based on competent evidence and on a sound valuation method or methods, the valuation will not be disturbed.

*Poore v. Poore*, 75 N.C. App. 414, 422, 331 S.E.2d 266, 272, *disc. review denied*, 314 N.C. 543, 335 S.E.2d 316 (1985). Several methods

have been approved in valuing good will. These methods focus on past results, not post-marital efforts, and include: (1) the price a willing buyer would pay, (2) capitalization of excess earnings, (3) one year's average gross income of the practice, and (4) evidence of sales of comparable practices. *Id.* at 421-22, 331 S.E.2d at 271-72.

In this case, defendant's expert valued good will in the medical practice at $3,000. This value reflected two months of $1,500 shared expenses. Defendant's expert explained that when a practice has been in existence for a short period of time, the goodwill is measured by the value of having the practice "up and running as opposed to just thinking about it." This is not a legitimate method of computing the goodwill of the practice.

In addition, the trial court should:

> make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied.

*McLean v. McLean,* 323 N.C. 543, 558, 374 S.E.2d 376, 385 (1988) (quoting *Poore,* at 422, 331 S.E.2d at 272). While the trial court stated the value of the goodwill, it did not "clearly indicate the evidence on which its valuations are based," nor did it note the method of valuation.

When, as in this case, a professional practice has not been established for a sufficient period to determine goodwill based upon comparable past earnings, the capitalization of excess earnings method of valuing goodwill should be used.

> Under this approach, the value of goodwill is based in part on the amount by which the earnings of the professional spouse exceed that which would have been earned by a person with similar education, experience, and skill as an employee in the same general locale.

*Poore,* at 421-22, 331 S.E.2d at 271-72.

For the reasons set forth herein, we vacate that portion of the equitable distribution order which determines the value of defendant's good will in his medical practice, and remand this case to the district court for a proper determination of such value and recalculation of the amount of any distributive award to which plaintiff

may be entitled as a result of such valuation. Otherwise, the judgment is affirmed.

Affirmed in part, vacated in part, and remanded.

Judges LEWIS and WALKER concur.