656 S.E.2d 70

**Robert J. HELFER, Petitioner Below, Appellee,**

v.

**Carol A. HELFER, Respondent Below, Appellant.**

**No. 33348.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 10, 2007.

Decided Nov. 8, 2007.

Ancil G, Ramey, Scott E. Johnson, Steptoe & Johnson, P.L.L.C., Charleston, WV, for Appellee.

Heather Wood, Frankovitch, Anetakis, Colantonio & Simon, Weirton, WV, for Appellant.

PER CURIAM.

This is an appeal by Appellant Carol A. Heifer from an order of the Circuit Court of Ohio County, West Virginia, which denied her petition for appeal of the family court's Final Order Regarding Equitable Distribution. At issue is the valuation of the chiropractic practice of Appellant's former spouse, Appellee Robert J. Heifer, for purposes of equitable distribution in the parties' divorce. Appellant argues that the family court erred in adopting the valuation submitted by Appellee's expert because it did not include the intangible asset of enterprise goodwill. Upon careful review of the briefs, record, arguments of counsel, and applicable precedent, this Court reverses the order of the circuit court and remands this case for further proceedings.

I. Factual and Procedural Background

On July 2, 2002, Appellee filed an action of divorce from Appellant after almost twenty years of marriage. The majority of contested issues in the parties' divorce have either been resolved or are not relevant to the instant appeal.

The sole issue in this appeal involves the valuation of Appellee's business, a sole proprietorship chiropractic practice located in Wheeling, West Virginia. Appellant contends that it was clear error for the family court to adopt the valuation (fair market value) calculated by Appellee's expert be-

cause the valuation did not take into account the intangible asset of enterprise goodwill.

The difference between the valuation reports submitted by the parties' respective accounting experts is significant in terms of the methods employed in calculating the fair market value of Appellee's chiropractic practice and the resulting value placed on the business.[1] Appellee's expert, Louis J. Costanzo, III, used the straight capitalization of earnings method (the income approach), to value Appellee's chiropractic practice at $41,000.00. At the outset, Mr. Costanzo's Valuation Report of the Fair Market Value of the Chiropractic Practice of Robert J. Heifer, D.C. (A Sole Proprietorship), dated May 3, 2004, included as a relevant factor to be considered in determining fair market value "[w]hether or not the enterprise has goodwill or other intangible value." A review of Mr. Costanzo's report reveals, however, that enterprise goodwill was not considered or otherwise addressed. Though Appellee argues that, in fact, his business has no enterprise goodwill, his counsel conceded, during oral argument, that no value amount—not even a value of zero—was attributed to enterprise goodwill by Appellee's accounting expert either in his report or during his hearing testimony.

Appellant's expert, Jack R. Felton, CPA, valued Appellee's practice at $388,000.00, using the capitalization of excess earnings method (a cost approach). Like Mr. Costanzo, in his March 9, 2005, valuation report, Mr. Felton did not take into account, or otherwise attribute any dollar amount to, the enterprise goodwill of Appellee's business.

In the Final Order Regarding Equitable Distribution entered May 3, 2006, the family court, *inter alia*, discussed the differences in the experts' valuations and valuation methods. The court ultimately valued Appellee's business at $41,000.00, in accordance with the opinion of Appellee's expert, Mr. Costanzo.

On June 2, 2006, Appellant filed a petition for appeal of the family court's order to the Circuit Court of Ohio County.[2] In an Amended Order entered August 21, 2006, that court refused Appellant's petition. It is from the circuit court's order that Appellant now appeals.

## II. Standard of Review

Our standard of review was set forth in the Syllabus of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004):

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

## III. Discussion

Whether the family court erred in adopting the valuation of Appellee's accounting expert is governed by this Court's prior opinion of *May v. May*, 214 W.Va. 394, 589 S.E.2d 536 (2003). In *May*, we defined the term "enterprise goodwill" and adopted the view of the majority of jurisdictions in holding that it is an asset subject to equitable distribution in a divorce:

> "Enterprise goodwill" is an asset of the business and may be attributed to a business by virtue of its existing arrangements with suppliers, customers or others, and its anticipated future customer base due to factors attributable to the business.
>
> In determining whether goodwill should be valued for purposes of equitable distribution, courts must look to the precise nature of that goodwill.... [E]nterprise goodwill, which is wholly attributable to the business itself, is subject to equitable distribution.

*Id.*, at syl. pts. 2 and 4 (in pertinent part).[3]

In *May*, this Court iterated that "once a professional practice has been determined to

---

**1.** Both experts based their valuation reports on information provided for the five-year period 1997–2001.

**2.** Appellant raised several assignments of error in her petitions for appeal to both the circuit court and this Court. Her petition for appeal to

this Court was granted only as to the assignment of error related to enterprise goodwill.

**3.** The primary issue in *May* related to the distinction between enterprise goodwill, which we held is marital property subject to equitable distribu-

possess distributable goodwill, a value must be placed thereon." 214 W.Va. at 405, 589 S.E.2d at 547. We also recognized that there are " 'a variety of acceptable methods of valuing the goodwill of a professional practice, and no single method is to be preferred as a matter of law.' " 214 W.Va. at 405–06, 589 S.E.2d at 547–48 (quoting McDiarmid v. McDiarmid, 649 A.2d 810, 815 (D.C.App. 1994)). Indeed, we outlined five major valuation formulas, or methods; among them were the straight capitalization of earnings method, used by Appellee's expert in this case, and the capitalization of excess earnings method, used by Appellant's expert. 214 W.Va. at 406, 589 S.E.2d at 548.[4] See In re Marriage of Hall, 103 Wash.2d 236, 692 P.2d 175 (1984). Though "none of the methods provides a completely accurate measure of worth and no method is favored over another[,] [n]onetheless they should provide an adequate evidentiary basis for the lower court to reach its factual conclusion regarding an amount of distributable goodwill for business valuation purposes." 214 W.Va. at 409, 589 S.E.2d at 551 (Albright, J., concurring).

■ We further indicated that, on appeal, this Court would not disturb the valuation of a business if it appears the lower court reasonably approximated the business' net value " 'and its goodwill, if any, based on competent evidence and on a sound valuation meth-od or methods[.]' " 214 W.Va. at 407, 589 S.E.2d at 549 (quoting Conway v. Conway, 131 N.C.App. 609, 508 S.E.2d 812, 818 (1998) (emphasis added)). In the instant case, the family court judge adopted the $41,000.00 valuation calculated by Appellee's expert on the ground the capitalization of earnings method was the more appropriate method under the circumstances. Crucially, however, the adopted valuation did not attribute any value to, or otherwise consider, enterprise. goodwill in valuating Appellee's business. Likewise, the lower court did not offer any explanation for failing to recognize any enterprise goodwill in this case. We find the absence of any valuation for enterprise goodwill, as well as any explanation for such absence, to be error.

Accordingly, we reverse the family court's order insofar as the adopted valuation failed to take into account enterprise goodwill as it relates to Appellee's chiropractic practice. On remand, and consistent with our decision in May, the valuation of Appellee's business should include a reasonable approximation of the business' enterprise goodwill, if any, based upon competent evidence and on a sound valuation method.[5] See May, 214 W.Va. at 407, 589 S.E.2d at 549. If the lower court finds there to be no enterprise goodwill, it is essential that the court not only

---

tion, and personal goodwill, which we determined is a personal asset dependent "on the continued presence of a particular individual and may be attributed to the individual owner's personal skill, training or reputation." Id., at syl. pt. 3. Personal goodwill is not marital property and thus not distributable upon dissolution of a marriage. See Id., at syl. pt. 4. We concluded in May, inter alia, that the family court committed error in adopting a fair market value of the husband's dental practice which included a value for personal goodwill in the amount of $80,568.00.

4. In May, we stated:

Under the straight capitalization accounting method the average net profits of the practitioner are determined and this figure is capitalized at a definite rate, as, for example, 20 percent. This result is considered to be the total value of the business including both tangible and intangible assets. To determine the value of goodwill the book value of the business' assets are subtracted from the total value figure.

The second accounting formula is the capitalization of excess earnings method. Under the pure capitalization of excess earnings the average net income is determined. From this figure an annual salary of average employee practitioner with like experience is subtracted. The remaining amount is multiplied by a fixed capitalization rate to determine the goodwill. 214 W.Va. at 406, 589 S.E.2d at 548 (quoting In re Marriage of Hall, 103 Wash.2d 236, 692 P.2d 175, 179 (1984)).

The remaining valuation formulas discussed in May include "[t]he IRS variation of capitalized excess earnings method," "the market value approach," and "the buy/sell agreement method." 214 W.Va. at 406, 589 S.E.2d at 548. Each of these formulas also includes a valuation method for determining goodwill. See Id.

5. We note that, on remand, should the court determine the business does not have any enterprise goodwill, then the business should be clearly assigned a goodwill value of zero. See e.g., In re Marriage of Rosen, 130 Cal.Rptr.2d 1, 105 Cal.App.4th 808 (2002).

articulate that finding, but also explain its reasons for making such finding.

### IV. Conclusion

Based upon the foregoing, the family court's order is reversed with respect to the issue of the valuation of Appellee's business, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded, with directions.