WALTER POST SMITH, JR., PLAINTIFF v. LINDA OTTO SMITH, DEFENDANT

No. 9128DC210

(Filed 17 December 1991)

1. **Divorce and Separation § 142 (NCI4th)— equitable distribution—retirement benefits—consideration of tax consequences**

The trial court did not err in an equitable distribution action by finding that the value of plaintiff's retirement plan was $103,445.69 where there was testimony that the value would be reduced to $77,806 if one assumed the application of the maximum tax rates and a total withdrawal. The account was awarded entirely to plaintiff and there is no evidence in the record, nor does plaintiff argue, that he would be forced to withdraw all or any part of the fund to comply with any distribution ordered by the court.

**Am Jur 2d, Divorce and Separation §§ 937, 948, 949.**

2. **Divorce and Separation § 161 (NCI4th)— equitable distribution—post-separation payments—sufficiency of findings**

An equitable distribution action was remanded for clarification and, if necessary, adjustment of the findings where the court awarded each party one-half of the net marital assets and found that plaintiff had made payments totaling $9,160.08 for various taxes, insurance, and reduction of principal during the separation; defendant had made similar payments totaling $4,488.02; concluded that the total net value of the marital assets of the parties was $389,273.82 and that each party, after awarding the appropriate credits, should be entitled to $194,636.91. Since plaintiff's total credit was larger than defendant's and he was awarded exactly half the net marital assets after credits, it appears that he did not receive the full amount he is due.

**Am Jur 2d, Divorce and Separation §§ 915, 926.**

3. **Divorce and Separation § 176 (NCI4th)— equitable distribution—equal distribution—findings**

A plaintiff in an equitable distribution action was not granted a new trial despite the failure of the trial court to enter required findings of fact where the trial court expressly concluded that an equal distribution is equitable, plaintiff does

not contend otherwise, and the issue of incorrect credits can be resolved on remand. N.C.G.S. § 50-20(j).

**Am Jur 2d, Divorce and Separation § 930.**

**4. Divorce and Separation § 136 (NCI4th) — equitable distribution — valuation of property**

The trial court did not err in an equitable distribution action in the valuation of two properties where the values adopted by the trial judge for the two properties were each within the range of the plaintiff's and defendant's valuations.

**Am Jur 2d, Divorce and Separation § 937.**

**5. Divorce and Separation § 111 (NCI4th) — equitable distribution — stock dividends — post-separation**

The trial court erred in an equitable distribution action by failing to account for dividends received by defendant from marital stock in her possession between the date of separation and the final distribution.

**Am Jur 2d, Divorce and Separation § 902.**

APPEAL from judgment entered 24 July 1990 by *Judge Earl J. Fowler, Jr.* in BUNCOMBE County District Court. Heard in the Court of Appeals 3 December 1991.

This is an appeal from an equitable distribution judgment. The parties were married in 1965. They separated about 24 March 1987 and plaintiff was granted an absolute divorce on 20 September 1988. An equitable distribution hearing was held in December 1989 and the judgment of the court was that an equal division of the parties' marital property was equitable, subject only to adjustments for certain payments made by both parties after the date of separation. Plaintiff appeals from the judgment entered 24 July 1990.

*Riddle, Kelly & Cagle, P.A., by E. Glenn Kelly, for plaintiff-appellant.*

*Gum & Hillier, P.A., by Howard L. Gum, Esquire, for defendant-appellee.*

JOHNSON, Judge.

[1] Plaintiff first contends (arguments I and II) that there is no evidence to support the trial court's finding that the value of the

SMITH v. SMITH

[104 N.C. App. 788 (1991)]

BASF 401(k) retirement plan was $103,445.69. He contends that the testimony by Mr. Kledis, a C.P.A., established that the value of the account was $77,806 at the time of separation. We disagree.

Mr. Kledis testified that the vested value of the account was $103,445.69 at the end of March 1987 (the date of separation) and that if one assumed the application of the maximum tax rates and a total withdrawal at that time, the value was reduced to $77,806. The court found that the BASF retirement account was marital property and awarded it entirely to plaintiff. There is no evidence in the record and plaintiff does not argue that he was or would be forced to withdraw all or any part of the fund to comply with any distribution ordered by the court; thus, the fact of withdrawal and the possible tax consequences are purely speculative. *See Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E.2d 915 (1985). Plaintiff's contention that the court failed to consider the tax consequences to either party in violation of G.S. § 50-20(c)(11) is not supported by the record. The court specifically noted the evidence that plaintiff advanced but found that it was "unable to determine any reduction in value as a result of the tax implications and has found the value of this asset to be $103,445.69." We find no error.

[2] Plaintiff next contends (arguments III, IV and V) that adjustments ordered by the trial court for certain payments made by both parties with regard to marital property after the date of separation, constitute an unequal division of the marital properties, contrary to the conclusion of the court that an equal division was equitable and in violation of the requirement that the court make findings of fact based on the factors listed in G.S. § 50-20(c) to support an unequal distribution.

The trial court found that an equal division of marital assets is equitable and awarded each party one-half of the net marital assets. The court also found that during the separation, plaintiff had made payments totaling $9,160.08 for various taxes, insurance and reduction of principal as to marital property and awarded him a credit in that amount. The court further found that defendant had made similar type payments totaling $4,488.02 and awarded her a credit in that amount. In conclusion of law number 4 the court stated: "The total net value of the marital assets of the parties is $389,273.82. *After awarding the appropriate credits*, each party should be entitled to $194,636.91." (Emphasis added.)

Moneys expended by a spouse on marital property during the period between separation and the distribution of marital property is properly credited to the paying spouse. *Bowman v. Bowman*, 96 N.C. App. 253, 385 S.E.2d 155 (1989); *McLean v. McLean*, 88 N.C. App. 285, 363 S.E.2d 95 (1987), *aff'd*, 323 N.C. 543, 374 S.E.2d 376 (1988). In the case *sub judice*, however, we cannot determine from the judgment whether plaintiff properly received the full credit he is due. We note that $194,636.91 is exactly one-half of $389,273.82, the net value of the marital assets. Since plaintiff's total credit is larger than defendant's and he was awarded exactly half of the net marital assets "after awarding the appropriate credits," it appears that he did not receive the full amount he is due. We remand for clarification, and if necessary, an adjustment.

[3] Plaintiff's related argument is that the trial court's failure to make findings of fact to support an unequal distribution is reversible error.

> In *any* order for the distribution of property made pursuant to this section, the court *shall* make written findings of fact that support the determination that marital property has been equitably divided. (Emphasis added.)

G.S. § 50-20(j). In *Armstrong v. Armstrong*, 322 N.C. 396, 368 S.E.2d 595 (1988), our Supreme Court interpreted this statute to require written findings of fact in every case in which a distribution of marital property is ordered under the Equitable Distribution Act and expressly disapproved several of our cases in which we held that a trial court need not make findings of fact when marital property is equally divided. *Id.* at 403, 368 S.E.2d at 599. In argument IV, plaintiff contends that a new trial is required because the trial court failed to make findings of fact to support its conclusion that an equal distribution is equitable. We find that under the facts of this case, this failure does not require a new trial.

The trial court expressly concluded that an equal distribution is equitable. Plaintiff does not contend otherwise. In fact, his argument with regard to the credits is based upon his belief that an equal distribution *is* equitable and the trial court's treatment of the credits constituted error *because* it resulted in an "unequal" distribution. Because the issue of the credits can be resolved by a remand and because nowhere does plaintiff argue that the equal distribution is not equitable, we will not order a new trial despite

SMITH v. SMITH

[104 N.C. App. 788 (1991)]

the failure of the trial court to enter findings of facts as required by G.S. § 50-20(j) and *Armstrong*.

Plaintiff next contends (argument VI) that the trial judge erred in failing to credit plaintiff for $2,000 which plaintiff gave to defendant from marital funds after the separation and to which fact both parties have stipulated. Defendant admits as much. This error can also be corrected on remand without the need for a new trial.

[4] Plaintiff next contends (argument VII) that there is no evidence to support the trial judge's valuation of the Candler and Pendleton properties. We disagree.

The values adopted by the trial judge for the two properties were each within the range of the plaintiff's and defendant's valuations. "This Court is not here to second-guess values of marital and separate property where there is evidence to support the trial court's figures. Counsel is cautioned that such arguments are a waste of this Court's time." *Mishler v. Mishler*, 90 N.C. App. 72, 74, 367 S.E.2d 385, 386, *disc. review denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). This assignment is overruled.

[5] Finally, plaintiff contends (argument VIII) that the trial court erred in failing to account for stock dividends received by defendant from marital stock in her possession between the date of separation and the final distribution. There is testimony in the transcript as to the total amount of dividends received by defendant wife during this period. Since one-half of the stock was awarded to plaintiff, the dividends received from them are his separate property and should have been awarded to him in the final accounting. This can be accomplished on remand also.

In conclusion, we find no error which would require a new trial; however, we remand this case to the trial court to (1) clarify, and if necessary, correct the distribution of credits to each party, (2) award plaintiff proper credit for the $2,000 advanced to defendant from marital assets, and (3) award plaintiff as separate property one-half of the stock dividends received by defendant from the marital stock during the period of separation. These adjustments may be made from the existing record and the trial court is not required to receive new evidence.

Remanded.

Judges EAGLES and WALKER concur.