ELIZABETH WAGNER HARVEY, PLAINTIFF-APPELLANT v. RICKY ODELL HARVEY, DEFENDANT-APPELLEE

No. 9222DC1004

(Filed 7 December 1993)

1. **Divorce and Separation § 140 (NCI4th)— equitable distribution—partnership interest—method of valuation—after-tax basis improper**

In an equitable distribution action, the trial court did not err in valuing defendant's interest in an accounting partnership by using the method provided in the partnership agreement for valuing the interest of a withdrawing partner, and the trial court's findings with respect to value were supported by sufficient evidence; however, the trial court erred by valuing defendant's partnership interest on an after-tax basis, since evidence of circumstances not in existence on the date of separa-

HARVEY v. HARVEY

[112 N.C. App. 788 (1993)]

tion is not competent evidence for the purpose of valuing a marital asset.

**Am Jur 2d, Divorce and Separation § 942.**

2. **Divorce and Separation § 167 (NCI4th)— equitable distribution—tax sheltered assets—distribution in accord with pretrial stipulations proper**

The trial court in an equitable distribution action did not err in the distribution of the parties' tax sheltered marital assets, since the distribution was in accord with the parties' pretrial stipulations.

**Am Jur 2d, Divorce and Separation §§ 870 et seq.**

3. **Divorce and Separation § 167 (NCI4th)— equitable distribution—QDRO—inclusion of partnership interest—no error**

Defendant's partnership interest in an accounting partnership was subject to distribution under a QDRO, even though it was not a pension or retirement fund, since nothing in 29 U.S.C. 1056 prohibits inclusion of non-deferred compensation benefits in an order which also distributes pension or retirement benefits.

**Am Jur 2d, Divorce and Separation §§ 905 et seq.**

**Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.**

4. **Divorce and Separation § 167 (NCI4th)— retirement benefits— post-separation gains—no inclusion in award**

The trial court did not err in failing to account for and distribute gains which accrued on the parties' retirement benefits after the date of separation. N.C.G.S. § 50-20(b)(3).

**Am Jur 2d, Divorce and Separation §§ 905 et seq.**

**Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.**

On writ of certiorari to review orders entered 23 March 1992 by Judge Robert W. Johnson in Davidson County District Court. Heard in the Court of Appeals 16 September 1993.

HARVEY v. HARVEY

[112 N.C. App. 788 (1993)]

Plaintiff and defendant were married on 16 November 1974. Two children were born of the marriage prior to the couple's separation on 28 June 1987. A judgment of absolute divorce was entered 8 September 1988. This equitable distribution action was commenced 5 July 1988.

By pretrial order, approved and signed by the trial court, the parties stipulated that an equal division of the marital property was an equitable division. The pretrial order also contained stipulations as to how the majority of the marital property was to be distributed between the parties. The court entered an Equitable Distribution Order in accordance with the parties pretrial stipulation, distributing net assets totaling $230,322.16. The net value of the assets distributed to plaintiff totaled $150,795.51. The net value of the assets distributed to defendant totaled $79,526.65. To equalize the difference between the distribution to plaintiff and the distribution to defendant, the order provided that plaintiff was to pay defendant a distributive award of $57,013.93. The valuation and distribution of these items are not disputed on appeal.

The remainder of the couple's assets were distributed pursuant to the court's Qualified Domestic Relations Order (QDRO). The evidence at trial regarding these assets tended to show that plaintiff was the owner of an annuity savings account and an individual retirement account. By stipulation, these assets were to be distributed to plaintiff. Defendant owned a 12.5% partnership interest in the accounting firm of Turlington & Company, a Keogh retirement plan, and an individual retirement account. By stipulation, these assets were to be distributed to defendant. The court found that the assets distributed to plaintiff under the QDRO had a net value of $9,252.30, and that the assets distributed to defendant had a net value of $52,011.30. Therefore the order provided that defendant was to pay plaintiff $21,379.50 to equalize the distribution of assets under the QDRO. Plaintiff appealed.

*J. Sam Johnson, Jr., for plaintiff-appellant.*

*Wilson, Biesecker, Tripp and Sink, by Joe E. Biesecker, and Max R. Rodden for defendant-appellee.*

MARTIN, Judge.

Plaintiff's assignments of error relate only to the valuation and distribution of the marital assets which were the subject of

HARVEY v. HARVEY

[112 N.C. App. 788 (1993)]

the court's Qualified Domestic Relations Order. We overrule all of her arguments except one, and remand for error in the trial court's valuation of defendant's partnership interest.

[1] Plaintiff's appeal of the trial court's valuation of defendant's partnership interest presents us with the issue of whether the valuation method utilized by the trial court reasonably approximates the net value of the partnership interest. *Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E.2d 915 (1985). Partnership agreements which include provisions for calculating the partnership interest of a withdrawing partner may provide a useful method of calculating a partnership interest unless the calculation penalizes or awards withdrawal. *Id.* When the terms of the partnership agreement are used to value the partnership interest, the value of the interest calculated is only a presumptive value and may be attacked by either party. *Id.* When valuing a professional practice, a court should consider the business' fixed assets, the value of its work in progress and accounts receivable, its goodwill and its liabilities. *Poore v. Poore*, 75 N.C. App. 414, 331 S.E.2d 266, *disc. review denied*, 314 N.C. 543, 335 S.E.2d 316 (1985).

First, plaintiff argues that the valuation method adopted by the court was erroneous. The record shows that the court valued defendant's partnership interest using the method provided in the partnership agreement for valuing the interest of a withdrawing partner. In *Weaver, supra*, we held that partnership agreements may provide a useful method for valuing a party's partnership interest. Although there was evidence that defendant's agreement included disincentives for withdrawal, the disincentives were not included in the provisions governing the valuation of a withdrawing partner's partnership interest. In addition, the agreement considered all components of a professional practice which we identified in *Poore*, 75 N.C. App. 414, 331 S.E.2d 266, as proper factors for consideration in valuing a partnership interest. Based on our decisions in *Weaver* and *Poore*, we find no error in the valuation method utilized by the court.

Next, plaintiff argues that the court's findings of fact were contrary to the greater weight of the evidence. We disagree. Where the trial judge sits as trier of fact, the judge's findings of fact are conclusive on appeal if supported by competent evidence. *Pake v. Byrd*, 55 N.C. App. 551, 286 S.E.2d 588 (1982).

Defendant presented the expert testimony of Certified Public Accountant Edna Shore as evidence of the value of his partnership interest. Ms. Shore testified that, in her opinion, the method provided by the partnership agreement for calculating a withdrawing partner's interest took into consideration the practice's fixed assets, liabilities, good will, work in progress and accounts receivable, and was the most accurate method to determine the value of defendant's partnership interest. Using this method, Ms. Shore calculated the gross value of defendant's interest on the date of separation as $39,537.00. Pursuant to the partnership agreement, this amount would be payable to defendant over a period of ten years. Therefore, Ms. Shore discounted the gross value by 8.25%, the prime rate of interest on the date of separation. The discounted value of defendant's interest was $26,863.00. To this amount, Ms. Shore added the value of defendant's capital account and arrived at a before tax value of $29,173.00. Ms. Shore then deducted income taxes which would be owed on that amount if defendant withdrew from the partnership and concluded that the net present value of defendant's interest was $18,549.00. Although plaintiff presented evidence that the value of defendant's partnership interest was greater than the value found by the court, the court's finding was supported by the competent testimony of defendant's expert witness. Thus, the court's findings were supported by sufficient evidence.

Plaintiff also argues that the court erred by valuing defendant's partnership interest on an after-tax basis. This argument has merit.

In *Weaver*, we held that "[t]he trial court is not required to consider possible taxes when determining the value of property in the absence of proof that a taxable event has occurred during the marriage or will occur with the division of the marital property." *Weaver*, 72 N.C. App. at 416, 324 S.E.2d at 920. In *Wilkins v. Wilkins*, 111 N.C. App. 541, 432 S.E.2d 891 (1993), we held that it was improper to value the plaintiff's retirement benefits on an after tax basis. We reasoned that calculating the value of the assets based on "hypothetical tax consequences arising from speculative early withdrawals" violated the provision of G.S. § 50-20(b)(1) that vested retirement or pension funds are to be valued as of the date of separation. *Wilkins*, 111 N.C. App. at 549, 432 S.E.2d at 895. These cases stand for the principle that evidence of circumstances not in existence on the date of separation is not competent evidence for the purpose of valuing a marital asset. *Christenson v. Christenson*,

101 N.C. App. 47, 398 S.E.2d 634 (1990). Similarly, in *Weaver* and *Wilkins* we held that it is improper to consider possible tax consequences as a distributive factor under G.S. § 50-20(c)(11) in the absence of evidence that some taxable event has already occurred or that the distribution ordered by the court will itself create some immediate tax consequence to either of the parties. *See*, *Smith v. Smith*, 104 N.C. App. 788, 411 S.E.2d 197 (1991).

In the present case, there was no evidence that defendant had actually withdrawn his partnership interest, or that the distribution ordered by the court would require him to do so. Nevertheless, the court deducted from the value of defendant's partnership interest the amount of income tax defendant would have owed had he withdrawn his partnership interest. Under *Weaver* and *Wilkins* it was improper for the court to consider such hypothetical and speculative tax consequences in valuing defendant's partnership interest.

[2] Plaintiff also assigns error to the court's distribution of the marital assets which were included in the Qualified Domestic Relations Order. She argues first that the distribution was erroneous because defendant received more than fifty percent of the couple's "tax sheltered" marital assets. Finally, she argues that the QDRO was erroneous because it included assets not subject to inclusion in a QDRO and because the order did not distribute gains which accrued after the date of separation. We find no merit to either of these contentions.

We find no error in the distribution of the parties' "tax sheltered" marital assets because the distribution was in accord with the parties' pretrial stipulations. As stipulated, defendant received his Keogh retirement plan, his partnership interest in Turlington & Co., and his individual IRA; plaintiff received her individual IRA and her annuity savings account. To comply with the parties' further stipulation that the marital assets were to be distributed equally, the order provided that plaintiff was entitled to receive from defendant a distributive award in cash or by way of assignment. Our holding that the court erred in valuing defendant's partnership interest simply requires that the court must recalculate the amount of the distributive award required to equalize the shares of the parties, after properly valuing defendant's partnership interest.

[3]   Plaintiff also argues that the distribution provided by the QDRO was erroneous because it included assets not subject to inclusion in a QDRO. Plaintiff argues that defendant's partnership interest is not subject to distribution under a QDRO because it is not a pension or retirement fund. We disagree.

A "qualified domestic relations order" is nothing more than the title given to an order which meets the requirements of 29 U.S.C. 1056(d)(3)(A). Nothing in 29 U.S.C. 1056 prohibits inclusion of non-deferred compensation benefits in an order which also distributes pension or retirement benefits. While we agree with plaintiff that defendant's partnership interest is not the equivalent of a pension or retirement fund, we cannot determine how this asset's inclusion in the order deprived her of an equal share of the parties' marital property. Plaintiff stipulated that an equal division of the marital property was an equitable division and pursuant to the court's order that is what she received. This argument is without merit.

[4]   Plaintiff also contends that the trial court erred by failing to account for and distribute gains which accrued on the parties' retirement benefits after the date of separation. We disagree. G.S. § 50-20(b)(3) provides that distributive awards of vested retirement benefits "shall be based on the vested accrued benefit as provided by the plan or fund, *calculated as of the date of separation* and shall not include contributions, years of service or compensation which may accrue after the date of separation [emphasis added]."

The only provision in G.S. § 50-20(b)(3) for the inclusion of gains and losses on vested benefits relates to gains and losses that accrue on benefits which are prorated for distribution at a later time. G.S. § 50-20(b)(3)c. The benefits at issue in the present case were to be distributed immediately. Therefore there was no requirement that the court account for gains or losses accruing after the date of separation. We find no error in the court's distribution of the assets included in the QDRO.

Plaintiff also argues that the court erred by improperly valuing defendant's IRA and his Keogh retirement plan. We do not address these arguments because they are not the subject of an assignment of error and are therefore outside the scope of our review. N.C.R. App. P. 10(a).

For the reasons set forth herein, we vacate that portion of the Qualified Domestic Relations Order which determines the value of defendant's partnership interest in Turlington & Company and remand this case to the district court for a proper determination of such value and recalculation of the amount of any distributive award to which plaintiff may be entitled as a result of such valuation.

Vacated and remanded.

Judges WELLS and LEWIS concur.