BRENDA STAINBACK CROWDER v. ROBERT H. CROWDER

No. COA00-1186

(Filed 18 December 2001)

1. **Divorce— equitable distribution—reconsideration of value—logging company**

    The trial court did not err in an equitable distribution case by reconsidering the value of defendant husband's logging company in the trial court's amended judgment, because: (1) the Court of

CROWDER v. CROWDER

[147 N.C. App. 677 (2001)]

Appeals' prior holding reversing and remanding the case to the trial court did not explicitly affirm or uphold any part of the trial court's order, findings, or conclusions; and (2) the trial court was authorized to reconsider the logging company's value when the original equitable distribution order received a blanket reversal.

## 2. Divorce— equitable distribution—valuation of logging company—estimated expenses for possible future sale

The trial court erred in an equitable distribution case by considering in its determination of the value of defendant husband's logging company on the date of separation the estimated expenses associated with the possible future sale of the logging company including deductions for sales commissions, income taxes, or wind up expenses, because: (1) estimated expenses connected with events that have neither occurred by the date of separation, nor are imminent, may not be incorporated into the trial court's valuation of marital property; and (2) there is no evidence in this case that liquidation is imminent, nor that it will be required by the trial court's equitable distribution order.

Appeal by plaintiff from judgment entered 28 July 2000 by Judge J. Henry Banks in Vance County District Court. Heard in the Court of Appeals 23 August 2001.

*Kirk, Kirk, Gwynn & Howell, by C. Terrell Thomas, Jr. for plaintiff-appellant.*

*Stainback & Satterwhite, by Paul J. Stainback for defendant-appellee.*

BIGGS, Judge.

Plaintiff, Brenda Crowder, appeals from an Amended Judgment of Equitable Distribution. We affirm in part, and reverse and remand in part.

Plaintiff and Robert Crowder (defendant) were married in 1984, separated in 1995, and divorced in 1997. During their marriage, plaintiff was employed initially in a fast food restaurant, and later for a semiconductor manufacturer; she earned between $10,000 and $23,000 annually. Defendant started the Crowder Logging Company (the logging company) in 1962, and operated the business throughout the marriage. Although plaintiff was never an employee of the logging company, she occasionally assisted defendant with minor duties

CROWDER v. CROWDER

[147 N.C. App. 677 (2001)]

pertaining to the company, and also took responsibility for most of the homemaking tasks. No children were born of the marriage, although both had adult children from prior marriages.

Upon their separation, the parties stipulated to the value and distribution of most of their significant marital assets, with the exception of the logging company. The parties agreed that the logging company's value was $102,000 on the date of their marriage, but could not agree on its value at the date of separation, nor on its proper distribution. On 27 April 1998, following a trial, the court entered a judgment of equitable distribution. The court's order gave effect to the parties' agreement, valuing and distributing marital property in accord with their stipulation. The court also stated that the value of the logging company at the time of marriage was $102,000, and found its value on the date of separation to be $649,000, resulting in an appreciation during the marriage of $547,000. The court determined that an equal division of marital property, including the logging company's appreciation, would not be equitable. The trial court based this conclusion upon three findings:

1. Defendant was 42 years old and plaintiff was 33 when they married; they were married for eleven years.

2. Plaintiff made only "minimal contributions" to the logging company.

3. The logging company had a debt ratio of approximately 2-1.

The trial court concluded that plaintiff was entitled to ten percent of the logging company's active appreciation during the marriage, or approximately $54,700.

Plaintiff appealed from the equitable distribution order. This Court, in *Crowder v. Crowder*, 132 N.C. App. 822, 519 S.E.2d 785 (1999), *unpublished*, held that the trial court had erred by (a) failing to determine the net market value of the total marital estate on the date of separation; (b) relying on the debt ratio of the logging company as a factor supporting its unequal distribution in favor of the defendant, and; (c) rendering an unequal distribution, without making specific findings of fact on the method used to determine plaintiff's share. This Court's final mandate was as follows:

In sum, the equitable distribution judgment is reversed and remanded to allow the trial court to: (1) determine the net value of the marital estate with supporting findings of facts, (2) deter-

CROWDER v. CROWDER

[147 N.C. App. 677 (2001)]

mine an equitable division of the marital-active-net appreciation of Crowder Logging Company without a consideration of the debt ratio of the company, and (3) reassess its calculation of the parties' shares of the appreciation and provide more specific findings regarding the method used to determine these shares. Reversed and remanded with instructions.

On remand, the trial court entered an amended equitable distribution judgment. This order was entered 28 July 2000 and included, in pertinent part, findings and conclusions summarized as follows:

1. The court found the net value of the total marital estate to be $368,153.

2. The court valued and distributed marital assets in accord with the parties' previous stipulation and agreement.

3. The court found defendant's expert witness (Mr. Moss) to have more experience with the logging industry than plaintiff's, and stated that its valuation of the logging company was "based upon the testimony of Steve Ernie Moss who is an expert in accounting and who is most familiar with the business of Crowder Logging Company[.]"

4. The court found that the value of the logging company on the date of separation was $227,500.

5. The court found that plaintiff was entitled to receive half (50%) of the appreciation in value of the logging company during the marriage, and that "an equal division of the increased value of [the logging company] . . . is an equitable distribution of said asset."

Plaintiff appeals from this order.

I.

We first summarize the law applicable to our review of an equitable distribution order. Equitable distribution is governed by N.C.G.S. § 50-20 (1999), which requires the trial court to "provide for an equitable distribution of the marital property and divisible property between the parties[.]" The court makes three determinations in connection with an equitable distribution judgment: classification, valuation, and distribution. *Khajanchi v. Khajanchi*, 140 N.C. App.

552, 537 S.E.2d 845 (2000). The court's first task is the classification of assets and debts as either marital property or separate property. Only marital property and debt is subject to equitable distribution. *Id.* Valuation of marital property is the next step; the net value for marital property is ascertained by calculating the fair market value of each asset, and subtracting the value of any debt or encumbrance on the property. *Mrozek v. Mrozek,* 129 N.C. App. 43, 496 S.E.2d 836 (1998). Under the law as written when this action was filed, marital assets are valued as of the date of separation, after which the marital estate is "frozen." *Becker v. Becker,* 88 N.C. App. 606, 364 S.E.2d 175 (1988).

The distribution of marital assets entails the court's determination of an "equitable" division of marital property. "The marital property is to be distributed equally, unless the court determines equal is not equitable." *Stanley v. Stanley,* 118 N.C. App. 311, 314, 454 S.E.2d 701, 703 (1995). As expressed by this Court in *Khajanchi v. Khajanchi,* 140 N.C. App. 552, 537 S.E.2d 845 (2000):

> The North Carolina Equitable Distribution Act is a legislative enactment of public policy so strongly favoring the equal division of marital property that an equal division is made *mandatory* "unless the court determines that an equal division is not equitable." N.C.G.S. § 50-20(c). The clear intent of the legislature was that a party desiring an unequal division of marital property bear the burden of producing evidence concerning one or more of the twelve factors in the statute and the burden of proving by a preponderance of the evidence that an equal division would not be equitable.

*Khajanchi* at 557, 537 S.E.2d at 849. The trial court has wide discretion to determine what constitutes an equitable distribution of marital property:

> the exercise of that discretion will not be upset absent clear abuse. [Therefore, i]n order to reverse the trial court's decision for abuse of discretion, we must find that the decision was unsupported by reason and could not have been the result of a competent inquiry. Accordingly, the findings of fact are conclusive [on appeal] if they are supported by any competent evidence from the record.

*Hamby v. Hamby,* 143 N.C. App. 635, 637-38, 547 S.E.2d 110, 112, *disc. review denied,* 354 N.C. 69, 553 S.E.2d 39 (2001). "A ruling com-

mitted to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). (citation omitted).

## II.

**[1]** Plaintiff argues first that the earlier decision by this Court did not give the trial court the authority to reconsider the logging company's value. We disagree.

In its earlier ruling, this Court held that "judgment is reversed and remanded with instructions." The trial court was directed "to determine the net value of the marital estate with supporting findings of fact." The court ascertained the value of the logging company as part of its determination of the net value of the marital estate. The court's original equitable distribution order adopted the parties' agreement that the logging company's value was $102,000 on the date of their marriage, found the date of separation value to be $649,000, and awarded plaintiff ten percent of the resulting $547,000 appreciation ($54,700). The court's amended order also started with a marriage date value of $102,000, but recalculated the logging company's date of separation value to be $227,500, and awarded plaintiff fifty percent of the $125,500 appreciation ($62,750).

This Court's first decision reversed the trial court's equitable distribution order, and thus served to vacate the judgment below. *D & W, Inc. v. Charlotte*, 268 N.C. 720, 722, 152 S.E.2d 199, 202 (1966) (holding that reversal vacated lower court's order, and stating that "to reverse an injunction is to vacate it."). *See* Black's Law Dictionary 1319 (6th ed. 1990) (defining 'reverse' thusly: "to overthrow, vacate, set aside, make void, annul, repeal, or revoke"). Significantly, our earlier opinion did not explicitly affirm or uphold any part of the court's order, findings, or conclusions. As the original equitable distribution order received a blanket reversal, we conclude that the trial court was authorized to reconsider the logging company's value. *See Friend-Novorska v. Novorska*, 143 N.C. App. 387, 393-94, 545 S.E.2d 788, 793 (2001) (where Court vacated previous judgment, trial court was "free to reconsider the evidence before it and to enter new and/or additional findings of fact based on the evidence"). Accordingly, we overrule this assignment of error.

## III.

**[2]** Plaintiff argues next that the trial court erred in its determination of the value of the logging company on the date of separation. We find this contention to have merit.

The trial court, in its reevaluation of the date of separation value of the logging company, relied upon the testimony of defendant's accountant, Steven Moss (Moss), for its determination that the date of separation value of the logging company was approximately $227,500. This calculation was based on the following approximate values found by Moss:

1. Book Value Equity: $672,000.

2. $90,000 deducted for estimated sales commission if the logging company were sold in the future.

3. $13,200 deducted for estimated "wind up costs" if the logging company were sold in the future.

4. 25 % deduction in value to account for lack of marketability of the logging company.

5. $200,000 deducted for estimated income taxes if the logging company were sold in the future.

Plaintiff has argued that the trial court erred in deducting prospective sales commissions, wind up fees, and income taxes in its valuation of the logging company. We agree.

The general rule is that the trial court errs in considering hypothetical or speculative future expenses in an equitable distribution order. *Carlson v. Carlson*, 127 N.C. App. 87, 91, 487 S.E.2d 784, 786, *disc. review denied*, 347 N.C. 396, 494 S.E.2d 407 (1997) ("expenses of a future sale of an asset are uncertain in both occurrence and amount"); *Wilkins v. Wilkins*, 111 N.C. App. 541, 553, 432 S.E.2d 891, 897 (1993) ["to predict variables (including *inter alia* the government's tax structure, plaintiff's financial condition, . . . and the date of plaintiff's eventual retirement) that far in the future requires the trial court to engage in impermissible speculation"]. Valuation of marital property may include tax consequences from the sale of an asset only when the sale is imminent and inevitable, rather than hypothetical or speculative. *See Smith v. Smith*, 111 N.C. App. 460, 503-04, 433 S.E.2d 196, 222 (1993), *rev'd in part on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994):

[N]either party had offered evidence regarding specific tax consequences that might result from the equitable distribution. . . . As the party seeking an unequal division of marital property in his favor, defendant had the burden of producing evidence concerning the tax consequences of the anticipated distribution. . . . Furthermore, the tax consequences now claimed by defendant are of a purely speculative nature and are not inherent in the distribution actually ordered.

Further, in *Harvey v. Harvey*, 112 N.C. App. 788, 792-93, 437 S.E.2d 397, 400 (1993), this Court held that:

[E]vidence of circumstances not in existence on the date of separation is not competent evidence for the purpose of valuing a marital asset. . . . [I]t is improper to consider possible tax consequences as a distributive factor under G.S. § 50-20(c)(11) in the absence of evidence that some taxable event has already occurred or that the distribution ordered by the court will itself create some immediate tax consequence to either of the parties. . . . [I]t was improper for the court to consider such hypothetical and speculative tax consequences in valuing defendant's partnership interest.

*Harvey* at 792-93, 437 S.E.2d at 400. Thus, estimated expenses connected with events that have neither occurred by the date of separation, nor are imminent, may not be incorporated into the trial court's valuation of marital property.

In the case *sub judice*, there is no evidence that liquidation is imminent, nor that it will be required by the court's equitable distribution order. The evidence at trial established that defendant was 55 years old, had operated the logging company for over twenty years, and planned to work at least another seven years. Defendant testified that he hoped to be able to retire after he was 62 years old, but could not afford to retire in the near future. He presented no evidence of plans to sell the logging company in the near future. Moreover, the evidence showed that defendant had taken his adult son into the business, suggesting that even defendant's retirement would not necessarily result in the sale of the logging company. We find that the sale of the logging company was a hypothetical future event "uncertain in both occurrence and amount." We conclude that the trial court erred in its consideration of estimated expenses associated with the possible future sale of the logging company.

We reverse the trial court's valuation of the logging company insofar as it included estimated expenses from the future sale of the logging company. Our review of the record shows that competent evidence supported the remainder of the court's findings and conclusions, including its reliance on Moss's calculations (other than those expressly disallowed by this opinion) and on the monetary values to which he testified; its determination that plaintiff is entitled to 50% of the logging company's appreciation; and the use of a 25% deduction rate for lack of marketability. Accordingly, we affirm the trial court's equitable distribution order in substantial part, and reverse and remand solely for entry of an adjusted date of separation value for the logging company, that does not include deductions for sales commissions, income taxes, or wind up expenses upon the future sale of the logging company.

Affirmed in part, reversed and remanded in part.

Judges MARTIN and McCULLOUGH concur.